W. T. RAWLEIGH MEDICAL COMPANY, Respondent, vs. TILL-
MAN and another, imp., Appellants.

*September 18—October 6, 1914.*

*Bills and notes: Conditional execution.*

In an action upon a promissory note, findings by the jury nega-
tiving the claims of two of the defendants that they signed
the note on condition that it was not to be delivered unless
signed by another person, and a finding that plaintiff did not
receive the note with knowledge of such an understanding,
are *held* to be supported by the evidence.

APPEAL from a judgment of the circuit court for Oconto
county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

This action was commenced by the plaintiff, and it alleges
an agreement between the plaintiff and the defendant Stroud
for the sale of the plaintiff's products by Stroud at prices
fixed by the contract, and that the defendants *Tillman* and
*Arndt* and one Jacob Spies guarantied performance of the
contract by Stroud.

From the record it appears that in the year 1909 the
plaintiff and defendant Stroud entered into an agreement
whereby Stroud agreed to devote his entire time to the sale of
plaintiff's products at a price fixed by the plaintiff, and to
pay for them the way specified, and in consideration thereof
the plaintiff agreed to sell and deliver to the defendant its
products. The defendants *Alvin Tillman* and *A. G. Arndt,*
together with one Jacob Spies, guarantied in writing the
faithful performance of the contract by Stroud and the pay-
ment of any balance due the plaintiff by the defendant
Stroud. In the month of December of the year 1910 a repre-
sentative of the plaintiff visited Stroud to arrange a settle-
ment. After packing what goods the defendant Stroud had
on hand and Stroud receiving credit therefor, the amount
of $790 was agreed to as the balance due the plaintiff from

Stroud. The representative of the plaintiff company made out a note for that amount and the defendant Stroud was to procure the signatures of the guarantors. There is a conflict in the testimony of plaintiff's representative and the defendant Stroud as to whether Spies was to sign the note; plaintiff's representative testifying that the defendant Stroud told him it would be useless to try and procure Spies's signature, while defendant Stroud testifies that the understanding was that he was to secure the signatures of all guarantors to the note. Defendant *Tillman* was the first of the guarantors seen by Stroud, who testifies that he saw *Tillman* and that *Tillman* stated "he would sign the note provided *Mr. Arndt* and Mr. Spies signed it." After procuring this signature Stroud and the plaintiff's representative went to see *Mr. Arndt*. Stroud testifies to the effect that *Arndt* stated in the presence of the plaintiff's representative that he, *Arndt,* would sign the note provided Mr. Spies signed it, and that if Spies would not sign it the note was to be returned to him. Plaintiff's representative testified that he heard no such conversation between *Mr. Arndt* and Stroud. Directly after obtaining this second signature to the note it was turned over to the representative of the plaintiff, who gave Stroud a receipt for it and departed.

The special verdict of the jury found in substance and effect:

(1) That it was not understood and agreed between John Stroud and *A. G. Arndt* in the presence of Collman, the representative of the plaintiff, that if Jacob Spies did not sign the note it was not to be delivered to the plaintiff company, but should be returned to the defendant *Arndt*.

(2) It was not agreed between *Alvin Tillman* and John Stroud that *Tillman* would sign the note upon the condition that John Stroud would procure the signature of Jacob Spies to the same, and if he did not the note was to be returned to *Alvin Tillman*.

(3) The note was not received by the plaintiff company with full knowledge of the understanding that it was not to be delivered to it unless signed by Jacob Spies.

The court denied the defendants' motions to change the answers to the special verdict of the jury and for judgment thereon and for a new trial.

The court granted plaintiff's motion for judgment for the sum of $790 with interest at six per cent. from the 12th day of December, 1910, and for costs and disbursements in this action, from which judgment this appeal is taken.

For the appellants there was a brief by *Olen & Olen,* attorneys, and *Eberlein & Larson,* of counsel, and oral argument by *M. G. Eberlein.*

For the respondent there was a brief by *Classon & O'Kelliher,* and oral argument by *V. J. O'Kelliher.*

SIEBECKER, J.    It appears without dispute that on December 12, 1910, the defendant Stroud was indebted to the plaintiff in the sum of $790 and that the note in question was signed by Stroud to evidence this indebtedness.    The jury found that the plaintiff accepted the note without any knowledge of the claim made by the defendants Stroud and *Arndt* to the effect that *Tillman* and *Arndt* signed the note with the understanding that it was not to be delivered to the plaintiff unless the third guarantor, Jacob Spies, signed it.    The evidence relative and material to this issue is in conflict and was an issue for the jury to determine.    The jury also negatived the defendants' claims that *Tillman* and *Arndt* signed the note upon the condition that it was not to be delivered unless Spies signed it.    These were proper jury questions under the facts and circumstances of the case.    The verdict cannot be held to be against the clear preponderance of the evidence and must be accepted upon the issues raised by the pleading and the conflict of the evidence.    The court properly awarded judgment on the verdict.

*By the Court.*—Judgment affirmed.